SUCCESSION OF HENRY FLETCHER.

The Auditor of Public Accounts has no authority, under the Act of the Legislature of 13th March, 1855, (sec. 9,) to appoint counsel to appear for the State in civil suits in the District Courts in New Orleans, or to appear for the State in the Supreme Court in New Orleans.

In the city of New Orleans the State is represented by the Attorney General, its highest law officer, who is required by law to keep his office there.

It was the intention of the Legislature, in the above recited Act, to provide for the collection of money due the State in parishes or in courts where the State should be unprovided with an official representative.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *H. C. Miller*, for the State, appellant. *J. Culbertson* and *A. Hennen*, for the testamentary executor.

BUCHANAN, J. *Henry C. Miller, Esq.*, an attorney-at-law, has taken this appeal in the name of the State of Louisiana, by virtue of an appointment by the Auditor of Public Accounts to that effect.

The appellee moves to dismiss the appeal, on the ground that the Auditor of Public Accounts was without authority to employ counsel to represent the State in the premises, and that the Attorney General is the only proper officer to take the appeal.

The appellee relies upon the Act to regulate the office of Attorney General, approved February 20th, 1855, the first section of which declares that it shall be the duty of the Attorney General to appear for the State and prosecute and conduct, in the District Courts in the city of New Orleans, all civil suits in which the State may be a party or be interested, and to appear for the State in the Supreme Court sitting in New Orleans, and prosecute and defend all appeals, in cases criminal or civil, in which the State may be a party or interested, and to intervene, whenever the interest of the State shall require such intervention, in all suits now pending, or which may hereafter be instituted, in the courts of the First Judicial District, and in the federal courts, &c., when the amount or value of the property at issue in such intervention shall exceed two thousand dollars.

The appellant relies upon the Act to regulate the office of Auditor of Public Accounts, approved 13th March, 1855, which declares, (section 9,) "that the Auditor of Public Accounts is authorized to employ attorneys to recover money due the State from any cause whatever, whenever in his discretion he may deem it proper and expedient to do so."

It has been correctly argued by the appellant that the latter of these two statutes must control the former wherever they differ, inasmuch as it was passed and promulgated after the former. But it is only where there is an obvious and necessary inconsistency of the provisions of the two statutes, that the Act relating to the office of Attorney General must be considered as repealed.

Tested by this rule, we do not find that the Auditor of Public Accounts has authority to appoint counsel to appear for the State in civil suits in the District Courts in the city of New Orleans, or to appear for the State in the Supreme Court sitting in New Orleans, or to intervene, on behalf of the State, in suits in the courts of the First Judicial District, in which the amount or value at

issue exceeds two thousand dollars. For in all these classes of cases the Act of February 20th makes it the duty of the Attorney General to represent the State. The power of the Auditor of Public Accounts to employ attorneys "to recover money due the State from any cause whatever" is, therefore, exclusive of the Supreme and District Courts sitting in the city of New Orleans. In that city the State is represented by its highest law officer, who is required to keep his office there. There is no reason for supposing that the Legislature intended to confer upon the Auditor of Public Accounts the extraordinary power of superceding, whenever he should think proper, the Attorney General elected by the people, by appointing an Attorney General *pro hâc vice*, in any or every civil suit for the recovery of money from the debtors of the State, in the courts in the First Judicial District, and in the Supreme Court sitting in New Orleans.

It is more reasonable, and perfectly in harmony with the language of the statute relied on by the appellant, to suppose the intention of the Legislature to have been to provide for the collection of moneys due the State in parishes or in courts where the State should be unprovided with an official representative.

Again, the present proceeding is not an action to recover money due to the State. It is an intervention in the name of the State in an opposition to an account of administration filed by a testamentary executor. The State had already been decreed, by judgment of this court, to be the heir of *Fletcher*, in a proceeding to which the Attorney General was a party. See 11 An. 59. By that judgment it was ordered that, instead of the gross amount of assets in the executor's hands, being turned over to the Attorney General, (as had been ordered by the District Court,) the administration of the testamentary executor should be carried on to final settlement and liquidation of the estate, by reducing the assets to cash and paying the debts, and that the balance remaining upon such final liquidation shall be paid over, not to the Auditor of Public Accounts, but to the State Treasurer, in conformity to Article 1184 of the Civil Code.

The cause being thus referred back to the Second District Court of New Orleans, the executor sold the property of the estate, and rendered his account, showing a balance, after the payment of all debts and charges, of $6806 10, stated to be the "balance coming to the State of Louisiana." This account was opposed by the appellee, claiming to be a creditor of *Fletcher's* succession. The appellant, *Miller*, acting under the appointment of the Auditor, intervened and pleaded prescription and other pleas against the demand of the opponent. It is evident that his position in this cause is that of defendant, instead of *actor*. In no sense can the appointment by the Auditor be viewed as regular or legal.

Appeal dismissed.